### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEWIS ROSS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  23-03494 (UNA) |
| | ) | |
| | ) | |
| BRENDA GONZALEZ-HOROWITZ, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM OPINION</u>

Plaintiff, appearing *pro se*, has filed a Complaint and an application to proceed *in forma pauperis* ("IFP").  The IFP application is granted and this case is dismissed for want of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.*  The party's failure to plead facts that bring the suit within the court's jurisdiction warrants dismissal of the case.  Fed. R. Civ. P. 8(a), 12(h)(3).

Federal district courts, such as this, have jurisdiction to hear a case when a "federal question" is presented, 28 U.S.C. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a).  Parties are of diverse citizenship where "plaintiff [is not] a citizen of the same state as any defendant."  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection*

*Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed," *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991), but an "allegation of residence alone is insufficient to establish the citizenship" requirement, *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (internal quotations and citation omitted).

Plaintiff, a resident of Dale City, Virginia, has sued an Assistant U.S. Attorney for the District of Columbia, alleging that defendant has "repeatedly" harassed him "through emails and calls so much" that his "blood pressure has sky-rocketed and [his] ulcers are really bothering" him. Compl. at 4.  Plaintiff seeks $250,000 in damages.

Plaintiff provides no other factual basis for a legal claim against defendant but only checks the "Federal question" box as the basis for jurisdiction.  Compl. at 3.  The Federal Tort Claims Act (FTCA) waives the United States' immunity for certain damages claims involving United States employees.  *See* 28 U.S.C. §§ 1346(b)(1), 2674, 2679-80.  Before filing a lawsuit, an FTCA claimant must exhaust his administrative remedies by presenting the claim to the appropriate federal agency and obtaining a final written denial of the claim.  28 U.S.C. § 2675(a).  If an agency fails to render a decision within six months after the claim is submitted, the claimant may proceed to court "any time thereafter" on what is "deemed" to be "a final denial."  *Id*.  Nothing suggests that plaintiff pursued, much less exhausted, his administrative remedies under the FTCA, and in this circuit, the FTCA's exhaustion requirement is "jurisdictional."  *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Norton v. United States*, 530 F. Supp. 3d 1, 6-7 (D.D.C. 2021) (collecting cases).  Therefore, this case must be dismissed.

A separate order reflecting this determination will be entered contemporaneously.

_____/s/_____
BERYL A. HOWELL
Date: December 28, 2023                          United States District Judge